FR:bsg
F.#2011R00447

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 26 2014 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

    - against -

BRYAN ARIAS,

        Defendant.

- - - - - - - - - - - - - - - - - X

ORDER OF FORFEITURE

12 CR 0357 (S-3) (DRH)

WHEREAS, on June 20, 2014, BRYAN ARIAS (the "Defendant") entered a plea of guilty to the sole Count of the above-captioned superseding information, charging a violation of 18 U.S.C. § 371; and

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the Defendant consents to the entry of a forfeiture money judgment for the sum of one million, nine hundred and six thousand, three hundred and seventy-five dollars and no cents ($1,906,375.00) (the "Forfeiture Money Judgment"), as property, real or personal, constituting or derived from proceeds traceable to the Defendant's violation of 18 U.S.C. § 371, and/or substitute assets, pursuant to 21 U.S.C. § 853(p).

NOW THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED, by and between the United States and the Defendant as follows:

    1.    The Defendant shall forfeit to the United States the

2

full amount of the Forfeiture Money Judgment pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853(p).

2.  If the Defendant fails to pay any portion of the Forfeiture Money Judgment on or before the date of his sentencing (the "Due Date"), interest shall accrue thereon at the judgment rate of interest. All payments made towards the Forfeiture Money Judgment shall be made in the form of a bank or certified check payable to the "United States Marshals Service" and shall be delivered by overnight delivery via Federal Express to Asset Forfeiture Paralegal Brian Gappa, United States Attorney's Office, Eastern District of New York, 610 Federal Plaza, 5th Floor, Central Islip, New York, 11722.

3.  If the Forfeiture Money Judgment, or any portion thereof, is not forfeited to the United States, the United States may seek to enforce this Order against any other assets, real or personal, of the Defendant up to the value of the Forfeiture Money Judgment pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law. The Defendant shall fully assist the government in effectuating the payment of the Forfeiture Money Judgment. The Defendant shall not file or interpose any claim or assist others to file or interpose any claim to any property against which the government seeks to execute the Forfeiture Money Judgment in any administrative or judicial proceeding. The defendant agrees that the entry and payment of the

3

Forfeiture Money Judgment is not to be considered a payment of a fine, penalty, restitution loss amount, or a payment on any income taxes that may be due, and shall not be discharged in any bankruptcy proceedings.

4. The Defendant knowingly and voluntarily waives his right to any required notice concerning the entry of the Forfeiture Money Judgment, including notice set forth in an indictment or information. In addition, the Defendant knowingly and voluntarily waives his right, if any, to a jury trial on the entry and payment of the Forfeiture Money Judgment, and waives all constitutional, legal and equitable defenses to the entry and payment of the Forfeiture Money Judgment, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, the statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

5. Upon entry of this Order of Forfeiture, the United States Attorney General, or his designee, is authorized to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c). The United States alone shall hold title to the monies paid by the Defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction.

6. The terms contained herein shall be final and

4

binding only upon the Court's "so ordering" of this order.

7. Pursuant to the Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Order of Forfeiture shall become final as to the Defendant at the time of his sentence, and shall be made part of the sentence and included in the judgment. This Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

8. This Order shall be binding upon the Defendant and the successors, administrators, heirs, assigns, and transferees of the Defendant, and shall survive the bankruptcy of any of them.

9. The Court shall retain jurisdiction of this action to ensure compliance with the terms of this Order of Forfeiture, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

10. The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this executed Order of Forfeiture to FSA Asset Forfeiture Paralegal Brian Gappa, United States Attorney's Office, Eastern District of New York, 610 Federal Plaza, Central Islip, New York 11722.

Dated: Central Islip, New York
       June 26, 2014

HONORABLE DENIS R. HURLEY
UNITED STATES DISTRICT JUDGE